```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
ASBURY BOSTON,
            Plaintiff,
     v.                                                          COMPLAINT
THE CITY OF NEW YORK,
NEW YORK CITY POLICE OFFICER
MARC WHIRL, Shield # 9207, 75th Precinct
NEW YORK CITY POLICE SERGEANT
ADNAN RADONCIC, 75th Precinct,

            Defendants.
-------------------------------------------------------X
```

### PRELIMINARY STATEMENT

1. T0his is a Civil Rights Action in which Plaintiff, ASBURY BOSTON, seeks redress for the Defendant's violations of rights secured by the Civil Rights Act of 1866 and 1871, 42 U.S.C 1983 and of the rights secured by the Fourth Amendment, and by the Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution and/or rights secured under the laws and Constitution of the State of New York.

### JURISDICTION

2. Jurisdiction is conferred upon this Court by 28 U.S.C. Sections 1331, 1343(3), this being an action seeking redress for the violation of Plaintiff's Constitutional and Civil Rights. The amount of damages in controversy exceeds One Hundred and Fifty Thousand ($150,000.00) Dollars, exclusive of interest and costs.

3. Plaintiff's claim for declaratory and injunctive relief is authorized by 28 U.S.C Sections 2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure.

4. The Plaintiff further invokes this Court's pendant jurisdiction, pursuant to 28 U.S.C. Section 1367(a), over any and all State claims as and against all parties that are so related to claims in this action within the original jurisdiction of this Court that they form part of the same case or controversy.

5. The Plaintiff demands a jury trial on each and every one of the claims pleaded herein.

## VENUE

6. Venue is proper for the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. Sections 1391(a), (b) and (c).

## PARTIES

7. The Plaintiff, ASBURY BOSTON, is a United States Citizen, and is, and at all times relevant herein, a resident of the State of New York.

8. Defendants, NEW YORK CITY POLICE OFFICER MARC WHIRL, Shield Number 9207, and NEW YORK CITY POLICE SERGEANT ADNAN RADONCIC, upon information and belief of the 75th Precinct, are at all times relevant, Officers and employees/agents of THE NEW YORK CITY POLICE DEPARTMENT, a municipal agent of Defendant CITY OF NEW YORK. Defendants, NEW YORK CITY POLICE OFFICER WHIRL and NEW YORK CITY POLICE SERGEANT RADONCIC are sued individually and in their official capacities. At all times relevant, Defendants NEW YORK CITY POLICE OFFICER WHIRL and NEW YORK CITY POLICE SERGENAT RADONCIC were acting under the color of State Law in the course and scope of their duties and functions as agents, servants, employees and Officers of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK and otherwise performed and engaged in conduct incidental to the performance of their lawful duties. Defendants, NEW YORK CITY POLICE OFFICER WHIRL and NEW YORK CITY POLICE SERGEANT RADONCIC, were acting for and on behalf of THE NEW YORK CITY POLICE DEPARTMENT at all times relevant herein with the power and authority vested in them as Police Officers, agents and employees of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK, and incidental to the lawful pursuit of their duties as Officers, employees and agents of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK.

9. Defendant CITY OF NEW YORK is a municipal entity created and authorized under the laws of the State of New York.  It is authorized by law to maintain a Police Department which acts as its agent in the area of Law Enforcement and for which it is ultimately responsible. Defendant CITY OF NEW YORK assumes the risk incidental to the maintenance of a Police Department and the employment of Police Officers as said risk attaches to the public consumers of the services provided by THE NEW YORK CITY POLICE DEPARTMENT.

10. THE NEW YORK CITY POLICE DEPARTMENT, while not a named Defendant, is nevertheless a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to carry out all police functions for Defendant CITY OF NEW YORK and assumes the risk incidental to the maintenance of a police force and the employment of Police Officers, including the named Defendant New York City Police Officers.

## STATEMENT OF FACTS

11. On August 27, 2015 at approximately 5:00 p.m. the Plaintiff, ASBURY BOSTON, an African American male, was driving his vehicle, a 2010 Cadillac CTS he had purchased the year before for approximately $22,000.00, in the vicinity of Dewitt Street and Williams Avenue in Brooklyn, New York.  The Plaintiff was accompanied by two female friends, also African American, when named Defendant, NEW YORK CITY POLICE OFFICER MARC WHIRL, Shield Number 9207, ordered the Plaintiff to pull over.  The Plaintiff complied and produced his driver's license and registration.  After the Plaintiff's credentials were found to be in order, the Plaintiff asked Defendant NEW YORK CITY POLICE OFFICER WHIRL why he was being pulled over, and was told that he was pulled over because of an earlier incident approximately four blocks away.  The Plaintiff and the occupants of his vehicle were then ordered out of the car, whereupon the Plaintiff, without lawful reason or cause, was searched several times by Defendant NEW YORK CITY POLICE OFFICER MARC WHIRL.  Upon

information and belief, Defendant OFFICER WHIRL and other members of THE NEW YORK CITY POLICE DEPARTMENT, without the Plaintiff's consent and without lawful reason or cause, then proceeded to search the Plaintiff's automobile and personal effects for approximately thirty minutes. Upon information and belief, the Plaintiff and the other two occupants were subsequently arrested by Defendant OFFICER WHIRL. Upon information and belief, after the Plaintiff's arrest Defendant NEW YORK CITY POLICE SERGEANT ADNAN RADONCIC authorized the seizure of Plaintiff's vehicle by THE NEW YORK CITY POLICE DEPARTMENT. The Plaintiff's vehicle, without notice to Plaintiff, was subsequently sold at auction by THE NEW YORK CITY POLICE DEPARTMENT for the amount of $3,500.00, even though the Plaintiff continued to pay his car note, causing Plaintiff to incur monetary damages due to the unauthorized auction sale, which resulted in Plaintiff owing monies on the balance of the car note. The Plaintiff was held in custody by Defendant NEW YORK CITY POLICE OFFICER MARC WHIRL and THE NEW YORK CITY POLICE DEPARTMENT for approximately forty eight hours prior to being released from custody. The Plaintiff was subsequently indicted for various violations of the New York State Penal Law and required to retain counsel, in excess of Eleven Thousand Dollars, to defend against the criminal prosecution brought by the KINGS COUNTY DISTRICT ATTORNEY'S OFFICE, which subsequently dismissed the all of the criminal charges levied against the Plaintiff by named Defendant OFFICER WHIRL on or about February 20, 2017.

**FIRST FEDERAL CLAIM**

**Violation of Rights Secured by Section 42 U.S.C. 1983 and the Fourth and Fourteenth Amendments to the United States Constitution, Unlawful Search and False Arrest**

12. The Plaintiff incorporates by reference each of the allegations set forth in Paragraphs One (1) through Eleven (11) as if fully set forth herein.

13. Upon information and belief, on August 27, 2015 the conduct of Defendant NEW YORK CITY POLICE OFFICER MARC WHIRL, acting under color of State Law, violated Section 42 U.S.C. 1983 by unlawfully, and without lawful reason or cause, searching, detaining and arresting the Plaintiff.

14. That the actions of Defendant NEW YORK CITY POLICE OFFICER MARC WHIRL occurred in and during the course and scope of his duties and functions as a New York City Police Officer, and while acting as an agent and employee of Defendant CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT, resulting in the aforementioned and hereinafter mentioned harm to Plaintiff.

## SECOND FEDERAL CLAIM

### Violation of Rights Secured by Section 42 U.S.C. 1983 and The Fourth and Fourteenth Amendments to the United States Constitution- Due Process Violations

15. The Plaintiff incorporates by reference the allegations contained in Paragraphs One (1) through Fourteen (14) as if fully set forth herein.

16. Upon information and belief, on June 6, 2015 the conduct of Defendant NEW YORK CITY POLICE SERGEANT ADNAN RADONCIC, acting under color of State Law, violated Section 42 U.S.C. 1983 and the Due Process Clause of the United States Constitution by unlawfully, without lawful process, causing the auction sale of Plaintiff's vehicle.

17. That the actions of Defendant NEW YORK CITY POLICE SERGEANT ADNAN RADONCIC, occurred in and during the scope of his duties and functions as a New York City Police Officer, and while acting as an agent and employee of Defendant CITY OF NEW YORK and the NEW YORK CITY POLICE DEPARTMENT, resulting in the aforementioned and hereinafter mentioned harm to Plaintiff.

## THIRD FEDERAL CLAIM

### Violation of Rights Secured by Section 42 U.S.C. 1983 and the Fourth, Fifth and Fourteenth Amendments to the United States Constitution- Due Process Violations, Wrongful Conversion

18. The Plaintiff incorporates by reference each of the allegations contained in Paragraphs One (1) through Seventeen (17) as if fully set forth herein.

19. Upon information and belief, on June 14, 2015, the conduct of named Defendant, NEW YORK CITY POLICE SERGEANT ADNAN RADONCIC and Defendant NEW YORK CITY POLICE OFFICER MARC WHIRL, acting under color of State law, violated Section 42 U.S.C 1983 and the Due Process Clause of the United States Constitution by unlawfully, without lawful reason of cause, converting Plaintiff's personal property, namely a 2010 Cadillac CTS automobile, without due process or a hearing thereon prior to the conversion of the Plaintiff's property.

20. That the actions of Defendants, NEW YORK CITY POLICE SERGEANT ADNAN RADONCIC and Defendant NEW YORK CITY POLICE OFFICER MARC WHIRL occurred in and during the scope of their duties and functions as New York City Police Officers, and while acting as employees and agents of Defendant CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT resulting in the aforementioned and hereinafter mentioned harm to Plaintiff.

WHEREFORE, the Plaintiff demands the following relief, jointly and severably, against all Defendants:

1. Compensatory Damages for Plaintiff.

2. Punitive Damages against Defendants NEW YORK CITY POLICE OFFICER MARC WHIRL and NEW YORK CITY POLICE SERGEANT ADNAN RADONCIC.

3. A Court Order pursuant to 42 U.S.C, 1998 that the Plaintiff is entitled to costs of the instant action, and attorney fees.

4. Such other and further relief as the Court may deem necessary and appropriate, including declaratory relief.

/S/

_____

Dated: August 22, 2018  
New York, NY

**Via ECF**

VICTOR M. BROWN, ESQ.  
(VB-5289)  
11 Park Place, Suite 1100  
New York, NY 10007  
(212) 227-7373